UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMTRAN FUND, LLC, § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-00310 |
| § | |
| UNITY ENVIROTECH LLC, *et al*, § § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court in the above-referenced case are Plaintiff EmTran Fund, LLC's ("EmTran") Opposed Motion to Remand (Doc. 4) and Defendants Unity Envirotech, LLC ("Unity") and Unity Envirotech of Central Florida, LLC's ("Unity Florida") (collectively, "Defendants") Response thereto (Doc. 7). Having considered these filings, the facts in the record, and the applicable law, the Court concludes that Plaintiff's Motion to Remand (Doc. 4) should be stayed pending further briefing.

**I. Background**

On April 22, 2014, the parties entered into several written contracts, namely "Corporate Note Offering Sponsorship Agreement" ("Sponsorship Agreement") (Doc. 7-1 at 2–17), "Security Agreement" (Doc. 2-1 at 14–25) and "Contingent Promissory Note" ("Promissory Note") (Doc. 2-1 at 11–13). (Doc. 2-1 at ¶ 11.) These agreements provided that EmTran would provide and pay up to $1,000,000 for the benefit of Defendants, which would help facilitate the structuring and sale of $550,000 in corporate notes. (Doc. 7-1 at ¶ 2.7.) Specifically, the money was to help pay fees to EmCap Solutions, Inc. ("EmCap"), who would assist Defendants in obtaining a credit rating and other offering-related services. (Doc. 7 at ¶ 9.) In return for providing the funding, EmTran would receive equity in Unity Florida. (Doc 7-1 at ¶ 2.7.1.)

Of these documents, the Sponsorship Agreement outlines the terms and conditions under which EmTran provided the funds to Defendants. (*See* Doc. 7-1 at 2–17.) Both it and the other agreements explicitly state that the Promissory Note and Security Agreement only become effective if Defendants withdraw from the project under one of two narrow circumstances.[1] The Sponsorship Agreement also contains the following clause related to forum-selection: "Any dispute arising out of or in connection with this Sponsorship Agreement, including any questions regarding its existence, validity or termination, shall be referred to the competent Courts in the State of Texas, Harris County." (Doc. 7-1 at ¶ 1.5.) The Promissory Note likewise contains a forum-selection clause, albeit of a different variety. This clause states:

> With respect to any suit, action or proceeding relating to this Note or any of the loan documents, Unity irrevocably (a) submits to the non-exclusive jurisdiction of the courts in the State of Texas, Harris County; and (b) waives any objection which it may have at any time to the laying of venue of any such suit, action or proceeding brought in any such court, waives any claim that any such suit, action or proceeding has been brought in an inconvenient forum and further waives the right to object to any such suit, action or proceeding that such court does not have jurisdiction over it.

---

[1] The Sponsorship Agreement reads: "The Promissory Note and the Security Agreement shall only become effective, if at all, in the event that Unity withdraws from the Unity Florida Project PPCN Offering under one of the following conditions . . . ." and goes on to list two triggering events. (Doc. 7-1 at 15, ¶ 2.2).  The Promissory Note reads:

> This Contingent Promissory Note (the "Contingent Promissory Note") will only be effective (the "Effective Date") if Unity Envirotech LLC ("Unity") or Unity Envirotech of Central Florida LLC ("Unity Florida") withdraws from the principal protected corporate note offering ("PPCN") that is being financed by Emtran Fund, LLC ("Emtran" or "Lender") pursuant to the Provisions of the Corporate Note Sponsorship Agreement between Unity and Emtran. This Promissory Note and the accompanying form of Security Agreement will not become effective and will be null, void, and of no effect by their respective terms if Unity withdraws pursuant to the provisions of the Corporate Note Sponsorship Agreement between Unity and Emtran or upon the successful placement of the PPCN offering.

(Doc. 2-1 at 11.) The Security Agreement states: "This Agreement shall only become effective upon the effectiveness of the Note in accordance with its terms." (Doc. 2-1 at 14, ¶ 1.3.)

(Doc. 2-1 at 12–13.)

After a dispute arose as to whether Defendants withdrew from their obligations under the Sponsorship Agreement, EmTran filed suit in the 152nd Judicial District Court of Harris County, Texas, seeking monetary relief of over $200,000 and relief pursuant to the Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code §§ 37.001–37.011. (Doc. 2-1.) Defendants answered and removed the case to federal court on the basis of diversity jurisdiction. (Docs. 1, 2.)

## II. The Parties' Contentions

In its Motion to Remand, Plaintiff argues that the Promissory Note's forum-selection clause waives any right to removal. (Doc. 4 at ¶ 8.) Plaintiff also contends the Court lacks subject-matter jurisdiction to hear the case. (*Id.* at ¶ 9.) Defendants respond by arguing they did not withdraw from the Sponsorship Agreement, meaning the forum-selection clause in the Promissory Note never became effective. (Doc. 7 at ¶¶ 3, 8–12.) In the alternative, Defendants contend the right to removal was not waived because the clause was non-exclusive. (*Id.* at ¶¶ 4, 13–18.) Finally, Defendants point out that Plaintiff confuses personal and diversity jurisdiction.[2] (*Id.* at ¶¶ 19–21.)

---

[2] The Court agrees with Defendants. Plaintiff argues the Court lacks subject-matter jurisdiction because Defendants have sufficient minimum contacts with Texas. (Doc. 4 at ¶¶ 9–10.) However, the minimum-contacts analysis is used in determining personal jurisdiction. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Plaintiff is a citizen of Texas. (Doc. 1. at ¶ 4.) Both Unity and Unity Florida are citizens of Delaware. (*Id.* at ¶ 5.) Plaintiff does not contest that both Unity and Unity Florida are non-residents of Texas. (Doc. 2-1 at ¶¶ 4–5.) Finding that the parties are of diverse citizenship and the amount in controversy exceeds $75,000 (*Id.* at ¶ 7), the Court is satisfied that it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III. Standard of Review

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The burden is on the removing party to show removal is proper. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (per curiam) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)) (internal quotation marks omitted).

A contractual clause can prevent a party from exercising its right to removal when it gives a "clear and unequivocal" waiver of that right. *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443 (5th Cir. 2009) (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). "There are three ways in which a party may clearly and unequivocally waive its removal rights: (1) by explicitly stating that it is doing so, (2) by allowing the other party the right to choose venue, or (3) by establishing an exclusive venue within the contract." *Id.* at 443–44 (quoting *New Orleans*, 376 F.3d. at 504) (internal quotation marks omitted). "Although waiver must be clear and unequivocal, it may be implicit where necessary to give effect to all contractual provisions." *Id.* at 445. Consenting to jurisdiction in one forum does not necessarily waive ones rights to have an action heard in another. *New Orleans*, 376 F.3d at 501. Indeed, "[f]or a forum-selection clause to be exclusive, it must go

beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974) (per curiam)).

### IV. Analysis

Plaintiff argues that, according to the language of the Promissory Note's forum-selection clause, Defendants have consented to jurisdiction in state court and venue in Harris County and, as a result, Defendants may not remove this suit to federal court. (Doc. 4 at ¶ 8.) Defendants contend the Promissory Note never became effective; therefore, its forum-selection clause cannot bind the parties. (Doc. 7 at ¶¶ 3, 8–12.) They argue that, pursuant to the Sponsorship Agreement, the Promissory Note could only become effective under limited circumstances, which did not occur. (*Id.*) Alternatively, they argue that the clause does not bar removal because it is not exclusive and merely fixes a geographic location where disputes are to be resolved. (*Id.* at ¶¶ 4, 13–18.)

Although the Court agrees with Plaintiff that if the Promissory Note controls, then this case must be remanded, it disagrees with Plaintiff as to the reason why. Plaintiff argues that state court is the exclusive venue for this suit based on the language of the forum-selection clause. (Doc. 4 at ¶ 8.) However, applying Fifth Circuit precedent to the clause at issue indicates that this suit could have been brought in either state or federal court, as long as such court was within Harris County, Texas. Nevertheless, once Plaintiff chose its venue, Defendants were bound to it.

The Promissory Note first states that "Unity irrevocably submits to the non-exclusive jurisdiction of the courts *in* the State of Texas, Harris County . . . ." (Doc. 4-2 at 2.) (emphasis added). The use of "in" rather than "of" is of critical importance in interpreting this clause. In *Dixon v. TSE International, Inc.*, the Fifth Circuit found a party waived its right to removal by

establishing an exclusive state-court venue within the contract by its use of "of." 330 F.3d 396, 398 (5th Cir. 2003) (per curiam). The provision in question stated: "*The Courts of Texas, U.S.A.*, shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." *Id.* at 397 (emphasis added). The party seeking to avoid remand argued that "The Courts of Texas, U.S.A." included federal district courts sitting in Texas. *Id.* Taking specific notice of the use of the word "of" as opposed to "in," the court rejected this argument and held the contract established exclusive venue in the state courts of Texas. *Id.* at 397–98. It noted that "[f]ederal district courts may be *in* Texas, but they are not *of* Texas." *Id.* at 398. "[T]he federal courts of the Eastern District of Texas are not courts *of* Texas because they do not belong to Texas, but are rather courts *of* the United States." *Id.* at 397–98 (internal citation and quotation marks omitted).

Another Fifth Circuit case lends further support to the Court's conclusion that the Promissory Note's use of "in" is crucial. In *Alliance Health Group, LLC v. Bridging Health Options, LLC*, the provision in question read: "This Agreement shall be governed by and construed in accordance with the laws of the state of Mississippi and *exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi.*" 553 F.3d 397, 398 (5th Cir. 2008). Just as EmTran attempts to do here, the party seeking remand argued the clause waived the right to removal because it limited any action to the state courts in Harrison County. *Id.* The Fifth Circuit rejected that argument, stating that despite the provision's use of the word "exclusive," federal district courts sitting in Harrison County were within the scope of the provision because they were courts in Harrison County. *Id.* at 401–02 (emphasis added).

Unlike the clause employing "of" in *Dixon*, the forum-selection clause here does not

establish an exclusive state-court venue by restricting disputes to "the Courts *of* the State of Texas, Harris County." It instead restricts them to "the Courts *in* the State of Texas, Harris County." The Houston Division of the United States District Court for the Southern District of Texas does, as the provision requires, sit in Harris County, Texas. Therefore, the Promissory Note does not establish state court as the exclusive venue, nor does it prevent removal to this Court. *See Alliance Health Grp.*, 553 F.3d at 400; *see also Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 52 (5th Cir. 2007) (unpublished) (noting a clause laying exclusive venue "*in* Collin County, Texas" would not waive removal rights to federal district court, if a district court sat in that county) (emphasis added)). Indeed, use of the phrase "courts in the State of Texas, Harris County" allows suit under the Promissory Note to be initiated in *either* state or federal court.

Nevertheless, because Plaintiffs initiated suit in state court, the remaining language of the forum-selection clause now bars removal. As mentioned, one of the ways a party to a contract may waive a right of removal is by making it clear that the other party to the contract has the "right to choose the forum" in which any dispute will be heard. *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991). The provision at issue does just that.

In *Waters v. Browning-Ferris Industries, Inc.*, the Fifth Circuit examined a clause similar to that contained in the Promissory Note. That clause read:

> Company *irrevocably* (i) agrees that any such suit, action, or legal proceeding *may be brought in the courts of such state or the courts of the United States for such state*, (ii) consents to the jurisdiction of each such court in any such suit, action or legal proceeding and (iii) *waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.*

252 F.3d 796, 797 (5th Cir. 2001) (emphasis added). Based on this language, the court was led to "the inescapable conclusion that the plaintiff negotiated with the defendant a clear right to

establish 'irrevocably' the place where his suit could be filed and heard." *Id.* at 798. In affirming the district court's decision to remand, the court stated: "Reading each of the three clauses together, it is apparent that BFI (1) agreed that Waters may sue it in any court of Texas, (2) consented to the jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas, including the 23rd Judicial District Court of Wharton County, Texas." *Id.*

> Here, the Promissory Note reads:
>
> Unity *irrevocably (a) submits to the non-exclusive jurisdiction of the courts in the State of Texas, Harris County; and (b) waives any objection which it may have at any time to the laying of venue of any such suit, action or proceeding brought in any such court*, waives any claim that any such suit, action or proceeding has been brought in an inconvenient forum and further waives the right to object to any such suit, action or proceeding that such court does not have jurisdiction over it.

(Doc. 2-1 at 12–13) (emphasis added). Reading these clauses together leads the Court to the same conclusion as the *Waters* court: Unity irrevocably (1) agreed that it could be sued in any court in Harris County, Texas; and (2) waived any objection to laying venue in or the jurisdiction of any court within Harris County, Texas. Accordingly, once Plaintiff initiated suit in state court, Defendants were bound to litigate this dispute there.

If the Promissory Note was triggered, the inquiry would end here and the Court would have no choice but to grant Plaintiff's Motion to Remand. However, the Court's conclusion that the Promissory Note's forum-selection clause is a valid waiver of removal rights does not dispose of this case. The threshold question is whether the terms of the Promissory Note were ever triggered in the first place. If they were not, then the terms of the Sponsorship Agreement control. Although neither party in this case brought it to the Court's attention,[3] a review of the

---

[3] The parties also failed to realize the inconsistencies between the forum-selection clauses of the Sponsorship Agreement and Promissory Note, or how such inconsistencies complicate the

Sponsorship Agreement reveals that it too contains a clause relating to forum selection: "Any dispute arising out of or in connection with this Sponsorship Agreement, including any questions regarding its existence, validity or termination, shall be referred to the competent Courts *in the State of Texas, Harris County*." (Doc. 7-1 at 5) (emphasis added).

This provision does not explicitly state a waiver of the right to removal. Nor does it give one party the sole right to choose the venue or establish an exclusive venue within the contract unlike the clause in the Promissory Note. Thus, the issue is whether it establishes an exclusive venue by stating, "Any dispute . . . shall be referred to the competent Courts in the State of Texas, Harris County." (*Id.*) The Court concludes that it does not.

As already discussed in the context of the Promissory Note, use of the phrase, "Courts in the State of Texas, Harris County," does not establish the state courts of Harris County as the exclusive venue under the contract. Instead, federal district courts in Harris County, Texas are within the provision's scope. As noted above, the Houston Division of the Southern District of Texas sits in Harris County, Texas. Accordingly, the provision in the Sponsorship Agreement falls short of a "clear and unequivocal" waiver of the right to removal. *See New Orleans*, 376 F.3d. at 504 (holding any waiver of removal rights must be "clear and unequivocal").

Determining that the Promissory Note contains a clear and unequivocal waiver of removal rights, but the Sponsorship Agreement does not, only gets the Court part way to a

---

question of whether Plaintiff's Motion to Remand should be granted. While it may be that the parties intended for the forum-selection clauses within the various contracts they executed to be consistent, it is a basic premise of contract law that it is not what the parties subjectively intend, but what they draft that controls. *W. Beef, Inc. v. Compton Inv. Co.*, 611 F.2d 587, 592 (5th Cir. 1980) ("The language of the contract, unless ambiguous, represents the intention of the parties. The intent deduced from this objective matter, not the parties' subjective understandings, is controlling." (quoting *Kimbell Foods, Inc. v. Republic Nat. Bank*, 557 F.2d 491, 496 (5th Cir. 1977) (internal quotation marks omitted))). Accordingly, the Court is bound by the language of the forum-selection clauses at issue.

decision in this matter. To determine which forum-selection clause controls, the Court must determine whether Defendants' actions activated the terms of the Promissory Note.

The "interpretation of a contract is a question of law for the court." *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1096 n.5 (5th Cir. 1995). Nevertheless, the Court is unequipped to make such a decision at this juncture based on the filings of the parties. Accordingly, the Court will grant the parties additional time to brief the issue of whether Defendants improperly withdrew from the Sponsorship Agreement, thereby triggering the Promissory Note, before reaching its decision.

### V. Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendants shall have five (10) days to file supplemental briefing on the issue of whether the Promissory Note or the Sponsorship Agreement controls. Plaintiff shall have an additional five (10) days to respond to Defendants.

SIGNED at Houston, Texas, this 17th day of August, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE